DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.S.,** the Father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D21-1923

[January 19, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 50-2020-DP-000607.

Thomas J. Butler of Thomas Butler, P.A., Miami Beach, for appellant.

Andrew Feigenbaum, Appellate Counsel, Children's Legal Services, West Palm Beach, and Logan Bartholomew, Certified Legal Intern, Florida A&M University College of Law, Orlando, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem o/b/o J.N., J.S. & J.S.

ON MOTION FOR REHEARING, REHEARING EN BANC AND/OR CERTIFICATION

PER CURIAM.

We deny the motion for rehearing, rehearing en banc and/or certification.

GERBER and LEVINE, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I would certify the case to the supreme court, as we did in *V.S. v.*

*Department of Children & Families,* 322 So. 3d 1153 (Fla. 4th DCA 2021).

I write, however, to address the motion for rehearing's reference to me and my dissenting opinion. In the motion for rehearing, the movant states, "Warner, J. opined *he* would hold that § 39.806(1)(f) is unconstitutional . . . ." (emphasis added).[1] The appellate panel is known, and a quick look at our court's website would reveal that the movant has clearly used the wrong personal pronoun in referring to me.[2] Granted, gendered pronouns are tricky in this day and age, but "he" is not the default universal personal pronoun.

More importantly, this error reveals the tenacious grip that the male image has in the legal profession to the detriment of women who have joined the profession in droves since I began practicing forty-eight years ago. It still is an issue that women are mistaken for court reporters or paralegals by both judges and lawyers. No man would suffer that same misidentification, which relegates the woman to a less important role.

We all need to be cognizant and remove from our thinking the male-centric image of lawyers and judges. It is not hard, but it requires raising one's consciousness of the issue. And it is somewhat of a surprise that it has persisted for so long. After all, the iconic figure holding the scales of justice is a lady.

\*　　\*　　\*

---

[1] As this was repeated twice, it does not appear to be a typographical error.

[2] I have written on this before. *See Gore v. State,* 74 So. 3d 1119, 1123 (Fla. 4th DCA 2011) (Warner, J., concurring) ("It is easy enough to find the gender of a judge, either from Westlaw or LexisNexis, or by going to a court's website and finding the judge's biography. In this day and age, mistakes like this should not be made and it shows inattention in brief-writing that should be avoided. My advice is that if the lawyer does not wish to take the time to find out the gender of the judge being quoted in the brief, then no personal pronouns should be used.")